ANTHONY S. MONTELONE AND MARY ANN CUMMINS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Montelone v. Commissioner
Docket No. 3335-85.
United States Tax Court
T.C. Memo 1986-478; 1986 Tax Ct. Memo LEXIS 134; 52 T.C.M. (CCH) 651; T.C.M. (RIA) 86478; September 24, 1986. Anthony Montelone, pro se. Thomas M. Rohall, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: By Notice of Deficiency dated December 7, 1984, respondent determined deficiencies in petitioner's Federal income tax and additions to tax as follows: Additions to Tax
Year
Deficiency
[1] Sec. 6651(a)(1) Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6661
1981
$17,814.43
$1,575.00
$ 891.00
*
1982
$22,890.67
$ 532.00
$1,145.00  **
$2,289.00
*135 These determinations are based upon the following adjustments to the taxable income of petitioners: Adjustments to Income
1981
1982
Wages
$52,117.00 $65,513.00 Pension
6,540.00 7,070.00 Personal Exemptions
(2,000.00)
(2,000.00)
Taxable Income
$56,657.00 $70,583.00 Petitioners filed a petition for redetermination of the deficiencies and additions to tax set forth above on February 12, 1985. On July 26, 1985, respondent filed a motion for summary judgment pursuant to Rule 121. Respondent's motion was granted by order of this Court dated October 9, 1985, with respect to all issues except petitioners' claim to entitlement to four dependency exemptions and respondent's request for damages pursuant to section 6673. FINDINGS OF FACT At the time the petition in this case was filed, petitioners resided at Travis Air Force Base, California. Petitioners *136 filed Forms 1040A for 1981 and 1982, on which their filing status was "married filing joint return." On each Form 1040A, petitioners claimed two exemptions. The statutory notices of deficiency allowed petitioners two exemptions for each taxable year in issue. At trial, petitioner, Anthony Montelone, appeared on behalf of both petitioners. He produced no witnesses and refused to take an oath or affirmation, which would enable him to testify on his own behalf. Mr. Montelone proffered one piece of documentary evidence which was marked for identification but not received in evidence by the Court. OPINION Respondent's determination is presumptively correct and petitioner bears the burden of proof with respect to the claimed exemptions. ; Rule 142(a).Petitioner argued, at trial, that he was entitled to two additional personal exemptions for each of his two daughters.Exemptions for dependents are allowed under section 151(e)(1) and section 152. Section 151 permits a taxpayer to deduct exemptions in computing taxable income. Section 151(e)(1) provided, in pertinent part: (1) In General. An exemption of $1,000 for each dependent *137 (as defined in section 152) - (A) whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than $1,000, or (B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. As defined in section 152, the term dependent includes a child of the taxpayer over half of whose support, for the taxable year in which the taxable year of the taxpayer begins, was received from the taxpayer. Petitioner produced no evidence with respect to the claimed dependency exemptions.He has not shown that he provided over half of the support for his daughters. Therefore, we sustain respondent's determination that petitioners are entitled to two dependency exemptions for the years in issue. Respondent filed a motion requesting that damages be awarded to the United States under section 6673. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, or that the taxpayer's position in such proceeding is frivolous or groundless, damages in an *138 amount not in excess of $5,000 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax. In their petition, petitioners alleged that respondent's determination was arbitrary and capricious; that the amount of the deficiency was unconstitutionally determined and that they received no income during the years in issue. Petitioners were advised that such arguments have been considered frivolous and groundless by this Court. See , affd. ; , affd. ; , affd. ; . Petitioners continued to pursue these arguments in opposition to respondent's motion for summary judgment. When trial was held on the issue of the number of exemptions to which *139 petitioners were entitled for the years in issue, petitioner Anthony Montelone refused to be sworn and offered no witnesses or evidence in support of his position. From the time the petition was filed, petitioner has abused the process of this Court and wasted its resources and those of respondent. Therefore, damages will be awarded to the United States in the amount of $5,000. Based on this Court's order of October 9, 1985, and the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the years here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $17,814.43. ** 50% of the interest due on $22,890.67. ↩